**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00097-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ELLIS BANKS III, | |
| Defendant. | |

This matter is before the Court on Defendant Ellis Banks' Emergency Motion for Temporary Release from Custody to Attend Funeral Services (ECF No. 22), filed on November 2, 2020.  The Court ordered the Government to file a response by November 4, 2020.  (ECF No. 23).  The Government timely filed its Response in Opposition to the Defendant's Emergency Motion (ECF No. 24) on November 3, 2020.  Although the Court did not require a reply, Defendant filed a Reply (ECF No. 25) on November 5, 2020.[1]  The Court finds this matter appropriately resolved without a hearing because there are no material issues of fact relating to the Court's decision that necessitate an evidentiary hearing.

## I. BACKGROUND

Banks' emergency motion requests that he be released in order to attend the funeral and burial services of his uncle, Max Allen, in Las Vegas, Nevada.  According to Allen's sister, Banks shared a very close relationship with his uncle who was a father figure to Banks.  Banks argues this temporary release is justified under Title 18 U.S.C. Section 3142(i) in so far as the death of Mr. Allen is a "compelling reason" under the meaning of that section.  Banks further

---

[1] Despite requesting expedited treatment in his Motion due to the timing of the funeral, Banks' reply was not filed until this afternoon.

1   argues that considering the factors set forth in Title 18 U.S.C. Section 3142(g), there are a

2   combination of conditions that would reasonably assure Bank's appearance and safety of the

3   community.  Banks argues that he would now be willing to interview with Pretrial Services to

4   prove that he has strong ties to the community such that he would not be a flight risk.  Banks

5   argues that notwithstanding his criminal record and the nature of the underlying offenses for

6   which he is charged in this case, he does not pose a risk of danger to the community.  Further,

7   Banks contends that the court can address any issues related to a danger by placing him on a

8   curfew, requiring him to remain at his aunt's home except for the day of the funeral, requiring

9   Banks to check in with Pretrial Services by phone or face time to insure he is complying with his

10   curfew schedule, and order that Banks have no contact with the alleged victim of the pending

11   state charges.  Banks concludes that the death of his uncle is a changed circumstance that would

12   result in him following any conditions the court would set if he were temporarily granted release

13   to attend the funeral.  (ECF No. 22).

14        The Government opposes Banks' request for release.  (ECF No. 24).  In short, the

15   Government outlines the procedural background that led to Bank's detention, including the

16   underlying charges contained in the indictment, a related state court case, and his extensive

17   criminal history.  The Government argues that given Banks has been ordered detained, Banks has

18   the burden of showing the temporary release under Section 3142(i) is warranted.  The

19   Government argues that there is nothing in the record nor anything alleged by Banks in his

20   motion that justifies changing the original detention order and that nothing has changed regarding

21   the facts and circumstance related to Bank's detention.  While sympathizing with Banks over the

22   death of his uncle, the Government points out that this is not a compelling reason under Section

23   3142(i) justifying temporary release.  Also, the Government argues that Bank's proposed release

24   conditions are insufficient to address concerns regarding both him being a flight risk and a danger

25   to the community.  Further, given Bank's history of noncompliance with Court orders, the

26   Government contends that there is no condition or combination of conditions that will insure his

27   appearance in court and the safety of the community.  Finally, the Government points out that

28   there is currently an active State court detainer placed on Banks for state charges, and even if this

1    court temporarily releases Banks to attend the funeral, he would be transferred to State custody as

2    a result of that warrant.  (ECF No.24)

3          Banks replies that he has presented new and compelling information to support his

4    temporary release.  (ECF No. 25).  Specifically, his uncle has passed away, they were very close,

5    and Banks wants to pay his respects at the upcoming funeral.  He cites to *U.S. v. Navarro*, 2:19-

6    cr-56-JCM-DJA (ECF No. 61) as support because the Court found the death of that defendant's

7    father was not a compelling reason only based on the circumstances of that case.  Then, he goes

8    on to distinguish *Navarro*.

9          **II.     DISCUSSION**

10         Title 18 U.S.C. §3142(i) permits the court to order the temporary release of a defendant

11   "for preparation of the person's defense or for another compelling reason."  The Court is not

12   aware of any case law that would define "another compelling reason."  Also, the parties did not

13   provide any authority further defining that term under the meaning of the Bail Reform Act.

14   Banks simply argues that this Court should order his temporary release due to his uncle's death

15   and his desire to attend the subsequent funeral.  On that basis, Banks argues that that ground is

16   such a unique and compelling circumstance that §3142(i) permits his temporary release.  Banks

17   further contends that under the factors in Section 3142(g), the Court can fashion a combination of

18   conditions that would reasonably assure Banks' appearance at court as required and ensure the

19   safety of the community notwithstanding the Court's previous detention order.  After careful

20   consideration of all of the arguments and the relevant authority, the Court is unpersuaded by

21   Banks' argument.

22         Banks is charged in a one count indictment for Felon in Possession of a Firearm in

23   violation of 18 U.S.C. Section 922(g)(1) and 924(a)(2).  That charge stems from a domestic

24   violence call for service that resulted in Banks being arrested on several state charges, which have

25   an active state warrant.  At the time of his initial appearance before this court, Banks declined to

26   interview with pretrial services and conceded detention.  Additionally, the Government moved for

27   detention on both flight risk and danger grounds.  After hearing the arguments, the Court detained

28   Banks as a risk of non-appearance and a danger to the community, in part, because of prior

1    failures to appear, prior violations of court supervision, the lack of significant verifiable

2    community or family ties, and a lack of verifiable information regarding Banks.  (ECF No. 18).

3    Nothing in the record has substantially changed regarding Banks' history or the factors that led

4    the Court to detain him in the first place.

5           The fact that Banks' uncle has passed has not so substantially changed the circumstances

6    such that temporary release is justified.  Moreover, Banks' claim that the death has now caused

7    him to mature and understand the serious nature of the underlying charge such that he will not be

8    a danger and will self-surrender after the funeral is also unpersuasive.  While the Court

9    sympathizes with Banks for the loss of his uncle, Banks remains a flight risk and danger to the

10   community such that his temporary release to attend the funeral is not warranted.  Banks still has

11   two prior felony convictions, as well as prior arrests and convictions for offenses involving drugs

12   and firearms.  The instant offense is tied to a pending felony domestic violence case in which

13   Banks is alleged to have strangled the victim.  Banks has a significant history of non-appearance

14   with at least six failures to appear and a history of failing to comply with court orders.  Nothing in

15   the record has changed, and the unfortunate death of his uncle does not rise to the level of

16   compelling circumstances justifying temporary release.

17          Additionally, the conditions suggested by Banks for his release do not adequately address

18   the flight risk and danger concerns previously expressed by the Court.  The proposed conditions

19   also do not overcome Banks' burden to show that temporary release is justified given the Court's

20   previous detention order. While the Court recognizes that Banks' aunt has a room where he can

21   stay and that she might be an appropriate third party custodian, the Court does not believe that

22   Banks' proposed conditions address the issues in the record that led to his detention in the first

23   place.  There are also additional reasons to deny the request.  One is the logistics suggested for

24   the temporary release including an extra day to accommodate his self-surrender.  Another is the

25   specter of the state court warrant pending that Banks would be released to even if the court were

26   inclined to temporarily release him.  As a result, Banks' proposed release conditions do not

27   adequately address the concerns that led to his detention and simply are not persuasive to the

28   Court.

1    There is no question that Title 18 U.S.C. §3142(i) permits the court to order Banks'

2  temporary release for "another compelling reason."  The death of Banks' uncle and his

3  subsequent funeral, while tragic and disheartening, do not rise to the level of another compelling

4  reason given the record in this case and the previous detention order.  As such, the Court will

5  deny Banks' emergency motion for release to attend funeral services.

6    **III.    CONCLUSION**

7    **IT IS THEREFORE ORDERED** that Defendant Ellis Banks' Emergency Motion for

8  Temporary Release from Custody to Attend Funeral Services (ECF No. 22) is **denied**.

9    DATED: November 5, 2020.

10

11    DANIEL J. ALBREGTS
       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28